The PEOPLES STATE BANK, Appellant,

v.

PORT ROYAL AGGREGATES, INC., Appellee.

In re A–1 PAVING & CONTRACTING, INC.

Nos. IP 95–410–C–B/S, 94–6892–FJ07.

United States District Court, S.D. Indiana, Indianapolis Division.

March 21, 1996.

Christopher S. Roberge, Foley & Pool, Indianapolis, Indiana, for Plaintiff.

Jeffrey A. Hokanson, Ancel & Dunlap, Indianapolis, Indiana, Jay P. Kennedy, Kroger Gardis & Regas, Indianapolis, Indiana, David R. Krebs, Hostetler & Kowalik, Indianapolis, Indiana, for defendant.

Kenneth C. Meeker, U.S. Trustee, Indianapolis, Indiana.

## ENTRY

BARKER, Chief Judge.

Appellant Peoples State Bank ("Peoples State") appeals the Bankruptcy Court's decision granting Appellee Port Royal's Application for Order Terminating Automatic Stay, for Abandonment and for Adequate Protection ("Application"). For the reasons stated below, we affirm the Bankruptcy Court's decision.

### I. BACKGROUND

On or about August 28, 1992, Port Royal and A–1 Paving & Contracting ("A–1") entered into a Conditional Sales Contract ("the Contract") for the purchase by A–1 of certain assets from Port Royal. The Contract, at paragraph 23, reserved to Port Royal all rights and remedies under the Indiana Uniform Commercial Code ("UCC") relating to mortgage foreclosure. Port Royal and A–1 filed a UCC Financing Statement with the Indiana Secretary of State and with the Morgan County and Johnson County Recorders. This financing statement refers to Port Royal as a "secured party" and A–1 as "Debtor", and refers to the equipment and vehicles being transferred under the contract as "collateral". A list of items constituting collateral was attached to the financing statement. Port Royal maintained titles to all vehicles

**1022**

transferred under the contract in its own name, with physical possession of the titles in the president and owner of Port Royal.

A–1 defaulted on payments due Port Royal under the Contract, and filed for Chapter 11 Bankruptcy on September 13, 1994. A number of A–1's creditors, among them Peoples State, intervened. On December 1, 1994, Port Royal filed an Application for Order Terminating Automatic Stay, for Abandonment and for Adequate Protection ("Application"). Peoples State, alleging a security interest in the same collateral as claimed by Port Royal, objected to the Application.[1] The Bankruptcy Court held a hearing on February 24, 1995, and on March 16, issued its Findings of Fact and Conclusions of Law, ruling that Port Royal was entitled to the relief requested. In so ruling, the Court considered the Contract, the financing statement and the conduct of the parties, and found, as a matter of fact, that "the parties intended the transaction to be a secured transaction, with Port Royal maintaining a purchase money security interest in all equipment and vehicles transferred under the Conditional Sales Contract as collateral for payments called for under the Conditional Sales Contract." (Findings of Fact and Conclusions of Law at 3, ¶ 7). The Court further found, as a matter of both fact and law, that "the parties intended the writings to create a purchase money security interest in the vehicles and equipment sold by way of the Conditional Sales Contract and that the security interest was properly perfected under applicable state law." (Findings of Fact and Conclusions of Law at 4, ¶ 8).

## II. DISCUSSION

### A. STANDARD OF REVIEW

 The district judge is required to accept the bankruptcy judge's findings on questions of fact as long as they are not clearly erroneous. *Matter of Generes,* 69 F.3d 821, 824 (7th Cir.1995). The clearly erroneous standard is a highly deferential

one. "Under this standard, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact." *Matter of Love,* 957 F.2d 1350, 1354 (7th Cir.1992). Indeed, reversal under the clearly erroneous standard is only warranted if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id., citing, EEOC v. Sears, Roebuck & Co.,* 839 F.2d 302, 309 (7th Cir.1988). We note, however, that the bankruptcy court's conclusions of law are subject to de novo review on appeal. *Meyer v. Rigdon,* 36 F.3d 1375, 1378 (7th Cir.1994); *Matter of Wiredyne, Inc.,* 3 F.3d 1125, 1126 (7th Cir.1993).

### B. APPLICATION

 In order to grant Port Royal Relief from Stay and Abandonment, the Bankruptcy Court had to determine that Port Royal had a properly perfected security interest under Indiana law. The applicable state law in this case is the Indiana Uniform Commercial Code ("UCC"), I.C. 26–1–9–101 *et seq.* Section 9–203 of the UCC provides, in relevant part, that a security interest is not enforceable and does not attach unless:

(a) The collateral is in the possession of the secured party pursuant to agreement, or *the debtor has signed a security agreement which contains a description of the collateral . . .*

I.C. 26–1–9–203(1)(a) (emphasis added). The Bankruptcy Court, in its conclusions of law, cited a recent Indiana Supreme Court decision holding that a UCC Financing Statement satisfies the writing requirement of § 9–203(1). Findings of Fact and Conclusions of Law at 4, ¶ 4, *citing, Gibson County Farm Bureau Co-op v. Greer,* 643 N.E.2d 313 (Ind.1994). Where, as here, the writing

1. Our characterization of Peoples State's interest in this matter is drawn solely from the introductory paragraph in the Bankruptcy Court's Findings of Fact and Conclusions of Law, and from the Bankruptcy Court's Docket Sheet (indicating that Peoples State intervened on September 26, 1994). Neither party, in the briefs submitted to this Court in conjunction with this appeal, has given any indication of the nature of Peoples State's interest or involvement in this case.

requirement is satisfied,[2] it is a question of fact whether the parties intended the writing to create a security interest. *Id,* at 320. The Bankruptcy Court in this case found:

> as a matter of both fact and law, that the parties intended the writings to create a purchase money security interest in the vehicles and equipment sold by way of the Conditional Sales Contract and that the security interest was properly perfected under applicable state law.

Findings of Fact and Conclusions of Law at 4, ¶ 8.

Peoples State claims that the Bankruptcy Court misinterpreted *Gibson County,* and incorrectly implied controlling authority to the factual findings made in this case. Specifically, Peoples State contends that the Bankruptcy Court concluded as a matter of law that a general intention to create a security interest was sufficient to support the use of a financing statement as a security agreement; whereas *Gibson County* requires a finding that the parties intended the *writing* to create a secured interest.

This contention, like many of the contentions in Peoples State's briefs, mischaracterizes the Bankruptcy Court's entry. While Peoples State, in its Reply Brief, quotes the Court's Conclusions of Law, at paragraph 5, as stating "Indiana law holds that whether the parties intended to create a security interest is a question of fact …", that paragraph actually states:

> 5. Indiana law holds that whether the parties intended *the writing* to create a security interest is a question of fact for the trier of fact to determine. [citing *Gibson County* ].

Findings of Fact and Conclusions of Law at 4, ¶ 5 (emphasis added). Peoples State's challenge to the Bankruptcy Court's Conclusions of Law must fail, since the Bankruptcy Court in fact issued the conclusion of law that Peoples State contends is the correct one. Furthermore, the Court also made the factual finding required by *Gibson County:* that the parties did in fact intend the writings to create a security interest.

█ Thus, the only challenge left to Peoples State is a challenge to the Court's factual finding with regard to the parties' intent. Peoples State argues that the Bankruptcy Court improperly relied on parol evidence in determining the parties' intent. However, *Gibson County* clearly states that "parol evidence is admissible to inform" the factual inquiry "whether the parties also actually intended to create a security interest". *Gibson County,* 643 N.E.2d at 320, *quoting, White & Summers, Uniform Commercial Code,* § 24–5 at 300 (2d ed. 1988).

█ We find that there is ample support in the record for the Bankruptcy Court's finding that the parties intended the writings to create a security interest. In fact, this case bears a striking similarity to *Gibson County* in this respect. In both cases, the party in default (here, A–1) signed a financial statement which identified itself as "debtor", identified the other party (here, Port Royal) as "secured party", and identified certain property as "collateral". *Id.,* at 320 (holding that these facts may indicate an intent to create a security interest). Furthermore, the Bankruptcy Court expressly found, as a matter of fact, that the parties intended the transaction to be a secured transaction. Such a finding was held in *Gibson County,* to provide support for the conclusion that the parties intended the financial statement to create a security interest. As in *Gibson County,* we cannot say on this record that it was clearly erroneous for the Bankruptcy Court to conclude as a matter of fact, as it did, that the parties intended the writings to create a security interest. Accordingly we *affirm* the Bankruptcy Court's grant of Relief from Stay and Abandonment.

### Other Pending Motions

█ On April 17, 1995, Port Royal filed a Motion for an order directing Peoples State to pay the cost of a transcript of the Bankruptcy Court's February 24, 1995 hearing. We stayed resolution of that motion pending submission of appellant's brief, so that we

---

**2.** Neither party disputes that a UCC Financing Statement, as a matter of law, satisfies the writ-

ing requirement of § 9–203.

might be better able to determine the extent of the need, if any for the transcript. Port Royal not only responded to Peoples State's appeal without inclusion of the hearing transcript in the record, but did so successfully. The parties are granted to and including April 4, 1996, in which to SHOW CAUSE why Port Royal's Motion for order directing Peoples State Bank to pay cost of transcript pending resolution of appeal should not be denied as moot. If no such brief is forthcoming, the Court shall deny the motion as moot and issue a final judgment consistent with this Entry.

It is so ORDERED.